**In the Matter of Michael J. ALEXANDER.**

No. 985S375.

Supreme Court of Indiana.

March 12, 1987.

Wayne J. Lennington, Jeffrey L. Arnold, Muncie, for respondent.

Sheldon A. Breskow, Executive Secretary, William G. Hussman, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent in this cause, Michael J. Alexander, and the Indiana Supreme Court Disciplinary Commission have entered into and tender for this Court's approval a

Statement of Circumstances and Conditional Agreement for Discipline. The agreement emanates from a Verified Complaint for Disciplinary Action in which the Respondent was charged with violating Disciplinary Rules 1–102(A)(5) and (6), 5–101(A) and (B), 8–101(A) and 9–101(B) of the *Code of Professional Responsibility for Attorneys at Law.* As of January 1, 1987, the *Code* has been superseded by the newly adopted *Rules of Professional Conduct* which contain similar provisions.

As the parties have agreed, this Court finds that the Respondent is a member of the Bar of this state. During all times pertinent to the facts of this case, he was the elected Prosecuting Attorney of Delaware County and also practiced law with Richard Reed in a partnership known as Alexander and Reed.

As asserted under Count I of the verified complaint, the Respondent represented a wife in a dissolution matter involving child support, custody and property division. After the dissolution decree was entered, the wife, on January 1, 1984, assigned her rights to child support to the Department of Public Welfare. In May of 1984, the Respondent, on behalf of the wife, filed a citation for contempt against the husband for failure to pay child support. The Respondent did so while he, as Prosecuting Attorney, had the responsibility to collect child support arrearage on behalf of the Department of Public Welfare. In the contempt proceeding, the trial court found the husband in arrears and ordered him to commence payment of the arrearage within 90 days of starting employment.

The parties have further agreed to certain facts in mitigation. In accordance therewith we find that the Respondent was initially unaware that his client had assigned her child support rights to the Department of Public Welfare. When he first learned of the assignment during a hearing, he continued the representation under his obligation as Prosecutor and did not charge nor accept fees.

As to Count II, the parties agree and we now further find that in another dissolution matter the Respondent undertook to represent the husband who was already under a temporary restraining order prohibiting him from harassing the wife. In the course of this representation, the wife filed two petitions for citations for contempt: one alleging that the husband rammed his car into hers in violation of the restraining order and one alleging that he failed to pay child support. After the final decree of dissolution was entered, the Respondent continued to represent the husband in subsequent petitions to modify the decree. During this time, the husband was arrested for driving while intoxicated and driving without a valid operator's license, and charges were filed in the Delaware County Court. While representing the husband in the petitions for modification, the Respondent, as prosecuting attorney, entered dismissals in the criminal cases pending against his client.

The parties also agree, by way of mitigation, that during this representation the Respondent was simultaneously engaged, along with police officers, in a sensitive investigation into possible corruption, and that in dismissing the charges, he acted under a belief that any other conduct would have jeopardized said investigation.

In light of the foregoing, we find that the Respondent engaged in misconduct as charged. Upon consideration of the nature of the violation, the specific acts of the Respondent, and this Court's responsibility to provide for the highest standard among those charged with the administration of justice, this Court finds that the agreed discipline, a public reprimand is appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Statement of Circumstances and Conditional Agreement for Discipline entered into by the parties is hereby approved, and, accordingly, the Respondent, Michael J. Alexander, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.