**In the Matter of Vincent Lee SCOTT.**

**No. 49S00–0006–DI–392.**

Supreme Court of Indiana.

Dec. 15, 2000.

**7.** We therefore decline to address the defendant's contention that the death sentence

Robert W. Hammerle, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Before this Court adopted a rule prohibiting a disbarred or suspended lawyer from maintaining a presence or occupying an office where the practice of law is conducted, respondent Vincent Lee Scott hired a disbarred lawyer to work in his law office. Under the guise of the respondent's supervision, the disbarred lawyer subsequently engaged in acts constituting the unauthorized practice of law and which, if committed by the respondent, would have violated the *Rules of Professional Conduct for Attorneys at Law.* For that, along with the respondent's own violations of the rules, we find the respondent guilty of attorney misconduct.

should be revised as manifestly unreasonable.

This attorney disciplinary matter is now before us for final resolution upon a *Statement of Circumstances and Conditional Agreement for Discipline* tendered for our approval by the respondent and the Disciplinary Commission. The respondent's admission to the bar of this state in 1990 confers our jurisdiction in this case.

The verified complaint for disciplinary action underlying the parties' agreement contains fifteen counts, pursuant to which the respondent has admitted misconduct. The gravamen of the respondent's own direct misconduct is that he agreed to represent various clients in criminal and civil matters, then failed to take sufficient action or any action at all on their behalves, failed to keep his clients adequately informed as to the status of their legal matters, and failed to refund to them unearned fees or return to them case file materials to which they were entitled. As to these counts, we find misconduct as charged.[1]

Pursuant to allegations contained in Count II of the verified complaint, the parties agree that in March 1996, the respondent hired a former lawyer disbarred by this Court in 1988 to work as his paralegal and, later, as "manager" of his law office. It is agreed that the respondent hired the disbarred lawyer to assist him in developing his family law practice, and that the respondent viewed himself as the disbarred lawyer's supervisor, although he did not actually supervise the disbarred lawyer's activities or ever develop an express or written description of the disbarred lawyer's duties. Under Counts II, IV, V, X, XI, XIII, and XIV, it is agreed that in this employment capacity the disbarred lawyer "counseled" or served as the main contact with clients regarding various legal matters, including a dissolution, a petition for post-conviction relief, a claim alleging violation of civil rights, an auto accident case, a claim by purchasers of real estate alleging latent defects, a personal injury case, and a discrimination claim. Under each of these counts, the respondent and the disbarred lawyer neglected the clients' cases by failing to file or adequately pursue the contemplated causes of action and/or by failing to communicate adequately with the clients about their cases.

Current law prohibits any disbarred or suspended lawyer from maintaining a presence or occupying an office where the practice of law is conducted. Admis.Disc.R. 23(26)(b), *effective* February 1, 1998. A person suspended for more than six months or disbarred shall take such action as is necessary to cause the removal of any indicia of lawyer, counselor at law, legal assistant, law clerk or similar title. *Id.* However, the respondent hired the disbarred lawyer in March of 1996, before adoption of the current rule.

Professional Conduct Rule 5.5(b) provides that a lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law. The rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for the work. *Comment* to Ind. Professional Conduct Rule 5.5. It is clear that the actions taken by the disbarred lawyer went beyond activities delegated to him in any capacity as a paraprofessional and in fact constituted the unauthorized practice of law. *See Matter of Fletcher*, 655 N.E.2d 58, 60 (Ind. 1995) (practice of law includes giving legal advice and counsel and placing oneself in

---

1. Specifically, we find that the respondent violated Ind. Professional Conduct Rule 1.1 (failure to provide competent representation), Prof.Cond.R. 1.2(a) (failure to abide by client's objectives regarding representation), Prof.Cond.R. 1.3 (lack of reasonable diligence and promptness), Prof.Cond.R. 1.4(a) (failure to keep clients reasonably informed about the status of their legal matters), Prof.Cond.R. 1.5(c) (failure to reduce a contingency fee to writing), and Prof.Cond.R. 1.16(d) (failure to protect clients' interests after termination of representation).

the very sensitive relationship wherein the confidence of the client and the management of his affairs is left totally in the hands of the attorney) (other citations omitted). The parties stipulate that the disbarred lawyer counseled those who had come to the respondent's office for legal assistance. The respondent did not directly supervise the disbarred lawyer's work (as is required had the disbarred lawyer been serving only as the respondent's paraprofessional), although the respondent viewed himself as the disbarred lawyer's supervisor. What the respondent did was permit the disbarred lawyer to use the respondent's law office as a venue to meet with the respondent's clients to counsel them regarding their legal affairs. Accordingly, we find that the respondent violated Prof.Cond.R. 5.5(a).

Indiana Professional Conduct Rule 5.3(c) provides that:

a lawyer shall be responsible for conduct of nonlawyer assistants employed or retained by or associated with the lawyer where that conduct would be a violation of the Rules of Professional Conduct if engaged in by a lawyer where

(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

(2) the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

We find that the respondent, based upon the neglect committed by the disbarred lawyer employed by him, violated Prof. Cond.R. 5.3(c).[2]

The parties' agreement calls for the respondent's suspension from the practice of law in this state for a period of at least 18 months. We find the agreed discipline to be appropriate in this case given the pattern of client neglect and the respondent's facilitating a disbarred lawyer in resuming the practice of law.

It is, therefore, ordered that the respondent, Vincent Lee Scott, is hereby suspended from the practice of law for a period of not fewer than eighteen (18) months, effective immediately, at the conclusion of which he will be eligible to petition this Court for reinstatement.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

---

**2.** The parties' agreement contains no specific facts indicating that the respondent knew of the disbarred lawyer's neglect at a time when its consequences could have been mitigated or avoided and that he failed to take reasonable remedial action, as required by the rule for misconduct to be found. However, because the respondent has agreed that such a violation took place, we find those elements implicit in the facts of this case.