**In the Matter of Michael J. ALEXANDER.**

No. 18S00–0111–DI–562.

Supreme Court of Indiana.

May 28, 2002.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Su-

---

preme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below.

**Facts:** The respondent agreed to represent on a contingency fee basis clients seeking redress for the death of their horses. Unbeknownst to the clients, the respondent engaged co-counsel to prosecute pre-trial matters in the case. Co-counsel's omissions led to entry of summary judgment against the clients on March 28, 1995. The clients did not learn of the decision for four years because the respondent, who had not monitored the status of the case, responded to their frequent inquiries during those years by saying the case was progressing "just fine."

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.4(a), which requires lawyers to keep their clients reasonably informed about the status of a matter and promptly comply with reasonable requests for information; Prof. Cond.R. 1.4(b), which requires lawyers to explain matters to a client to the extent reasonably necessary to allow the client to make informed decisions regarding the representation; Prof.Cond.R. 1.5(c), which requires lawyers' contingency fee agreements be reduced to writing; Prof.Cond.R. 1.6(a), which requires lawyers maintain client confidences; Prof.Cond.R. 1.15(a), which requires lawyers safeguard client property; and Prof.Cond.R. 5.1(b), which requires a lawyer having direct supervisory authority over another lawyer to make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission; to the hearing officer; and to all other entities as provided in Ind. Admission and Discipline Rule 23(3)(d).

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents, believing the agreed discipline is too lenient.