**In the Matter of ANONYMOUS.**

**No. 49S00–0303–DI–97.**

Supreme Court of Indiana.

May 5, 2003.

**DISCIPLINARY ACTION**

PER CURIAM.

The respondent attorney in this attorney disciplinary action hired an attorney who had been suspended from the practice of law to work in her law office, first as a bookkeeper, then as a paralegal. The suspended attorney had been recommended to the respondent by another attorney as "a suspended attorney looking for work." We find today that the working arrangement was impermissible because of the employee-attorney's suspension.

The respondent and the Indiana Supreme Court Disciplinary Commission have submitted to this Court for approval a *Statement of Circumstances and Conditional Agreement for Discipline* calling for a private reprimand for the respondent's actions. To make it clear that it is impermissible for an Indiana attorney to employ a suspended or disbarred attorney to perform work of any kind in a law office, we issue this opinion while preserving the respondent's anonymity.

A suspended or disbarred attorney "shall not maintain a presence or occupy an office where the practice of law is conducted." Ind. Admission and Discipline Rule 23, Section 26(b) (effective February 1, 1998). An attorney whose license to practice law has been removed is prohibited from maintaining a presence or occupying an office where the practice of law is conducted so the public is not misled into believing that the attorney is still authorized to practice law. *See, e.g., Matter of DeLoney,* 689 N.E.2d 431 (Ind.1997) (finding an attorney to be in contempt of this Court for performing various duties in a law office after being disbarred). Accordingly, the analogue to this rule is also clear, especially in light of express provisions delineating a supervising attorney's obligations regarding legal assistants [1]—an attorney may not employ a suspended or disbarred attorney in her law office. And should the suspended or disbarred attorney's activities go beyond mere administrative or paraprofessional acts and constitute the practice of law, the employing attorney may well be guilty of violation of additional provisions of the *Rules of Professional Conduct for Attorneys at Law. See, e.g., Matter of Scott,* 739 N.E.2d 658 (Ind.2000) (finding that the respondent attorney violated Ind.Professional Conduct Rule 5.5(b), which provides that a lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law, where the respondent lawyer employed a disbarred lawyer in his law office and where the disbarred lawyer engaged in activities which constituted the practice of law); *Matter of Jackson,* 682 N.E.2d 526 (Ind.1997) (same).

In the present case, the respondent's employment of the suspended attorney in her law office was impermissible. We find that the agreed discipline, a private reprimand, is appropriate under the circumstances of this case. Accordingly, the

---

1. *See generally Rules of Professional Conduct, Use of Legal Assistants,* Guideline 9.1 (providing, *inter alia,* that, "A lawyer is responsible for all of the professional actions of a legal assistant performing legal assistant services at the lawyer's direction and should take reasonable measures to insure that the legal assistant's conduct is consistent with the lawyer's obligations under the Rules of Professional Conduct.").

respondent shall be issued a private reprimand.