**In the Matter of the CONTEMPT OF the Supreme Court of Indiana of: Bruce W. McLAREN.**

**No. 98S00–0312–DI–601.**

Supreme Court of Indiana.

July 12, 2006.

### ORDER FINDING CONTEMPT AND IMPOSING FINE OR JAIL TIME

Attorneys that resign from the Bar are required to comply with the provisions of Ind. Admission and Discipline Rule 23 § 26, including the requirement that they not maintain a presence or occupy an office where the practice of law is conducted. Admis.Disc.R. 23 § 26(b). Those who choose to ignore this prohibition run the risk of a fine, incarceration, or both.

In the present case, we accepted respondent's resignation from the Bar on December 8, 2003. *Matter of McLaren,* 799 N.E.2d 1047 (Ind.2003). The Commission filed a *Verified Information and Motion for Order to Show Cause Why Respondent Should Not be Held in Contempt of Court* on January 26, 2006, alleging respondent's violation of Admis.Disc.R. 23 § 26(b). We issued an *Order to Show Cause* on January 30, 2006. After an extension of time, respondent filed his response on March 15, 2006. Respondent contends that since he had resigned, rather that being suspended or disbarred, the prohibitions of Admis.Disc.R. 23 § 26 did not apply to him.

Having reviewed the parties' pleadings, we find that in 2005, respondent maintained a presence in the law office of Michael Alexander in Muncie, Indiana. In particular, respondent helped respondent prepare a dissolution of marriage case for trial. This work is evidenced by Mr. Alexander's affidavit for attorney fees, which attributes $5,540 of the total requested fees of $12,740 to respondent's services.

By this conduct respondent violated Admis.Disc.R. 23 § 26(b). The unambiguous language of Admis.Disc.R. 23 § 26(a)(5) provides that an attorney who resigns from the Bar shall comply with the provisions of § 26. Accordingly, we find the respondent, Bruce W. McLaren, guilty of indirect criminal contempt of this Court. Such a blatant violation of the Rules for Admission to the Bar and the Discipline of Attorneys will not be tolerated and a significant sanction is warranted.

IT IS, THEREFORE, ORDERED that the respondent, Bruce W. McLaren, is hereby fined one thousand dollars ($1,000.00) and sentenced to a term of fifteen (15) days incarceration effective August 21, 2006, with the incarceration suspended upon payment of the fine imposed in this Order. Should respondent not pay the fine by August 21, 2006, the Sheriff of the Supreme Court of Indiana is directed to take the respondent into custody and turn him over to the Indiana Department of Correction for service of 15 days incar-

ceration, without benefit of good time credit.

IT IS, FURTHER ORDERED that the respondent, shall provide to the Court, by August 21, 2006, a statement under penalty of perjury stating:

1. the amount of compensation received by Mr. Alexander, respondent, or any other person or entity for respondent's services in the dissolution action which underlies these proceedings; and,

2. the names of the persons or entities paying and receiving each amount and the status of any refund of the compensation described in paragraph one.

To the extent any amounts have not been refunded, the Court reserves the right to take further appropriate action.

The Clerk of this Court is directed to send copies of this Order to the respondent, to the Indiana Supreme Court Disciplinary Commission, to the Sheriff of the Supreme Court of Indiana, to the West Group for publication, and to all other entities as provided in Admis.Disc.R. 23 § 3(d).

Costs of this proceeding are assessed against the respondent.

All Justices concur.