**In the Matter of Brian L. NEHRIG, Respondent.**

**No. 29S00–0704–DI–168.**

Supreme Court of Indiana.

Sept. 7, 2012.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT, EXTENDING REMOVAL FROM PRACTICE, AND IMPOSING FINE*

The Honorable Lawrence D. Giddings was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified motion for rule to show cause why the respondent, Brian L. Nehrig ("Nehrig"), should not be held in contempt of this Court for practicing law and otherwise violating his duties as an attorney who resigned from the bar. Upon review of the hearing officer's report, the Court finds that Nehrig engaged in actions in contempt of this Court and imposes punishment on him.

**Background:** Prior to his resignation, Nehrig was charged by the Commission with engaging in a pattern of fraudulent practices in representing a mortgage company in foreclosure actions, including his alteration of sheriff's deeds. As a result, the mortgage company was deprived of the opportunity to obtain title to the foreclosed properties and resell them at higher

prices. Instead, entities with which Nehrig was affiliated had the opportunity to resell the properties at a profit. The Court granted the Commission's petition for interim suspension, effective June 28, 2007. Nehrig tendered an affidavit of resignation under Admis. Disc. R. 23(17), which required him to acknowledge "that the material facts so alleged are true" and that "if the proceeding were prosecuted, he ... could not successfully defend himself...." *Id.* The Court accepted his resignation on August 13, 2007, resulting in his removal from practice for at least five years. *See* Admis. Disc. R. 23(4)(a).

**Contempt Proceeding:** The Commission filed a "Verified Motion for Rule to Show Cause" on February 25, 2011, asserting Nehrig maintained a presence at the law office of John R. McManus, Jr. ("the McManus Firm"), in violation of Admis. Disc. R. 23(26)(b), and that he practiced law in this state while barred from doing so. The Court issued an order to show cause directing Nehrig to show cause why he should not be held in contempt. Nehrig filed a response, and this Court appointed a hearing officer to hear this matter and the related case against John R. McManus, Jr. ("McManus"), Cause No. 29S00–1104–DI–212, which is decided on this date by separate order. The hearing officer filed his consolidated report on both cases on June 8, 2012, making findings of fact summarized below, supplemented by Nehrig's testimony.

McManus permitted Nehrig to occupy office space at the McManus Firm in exchange for monthly rent. McManus regarded Nehrig as an independent contractor. At various times, Nehrig was held out to be a "legal assistant" or "paralegal." Nehrig appeared as a staff member in a photograph on the firm's website. His duties included legal research, consulting with McManus, and non-legal cleaning and maintenance duties. Nehrig's primary focus was facilitating "short sales" of real estate. McManus supervised Nehrig with respect to short sales conducted from the office. The bulk of Nehrig's referrals were from the real estate broker community. Although Nehrig asserted that no negotiations occurred during the short sale process, with the lender/creditor presented with a take-it-or-leave-it proposal, this was not always the case. If a short sale was successful, Nehrig was paid at closing. Nehrig also spent a substantial amount of time outside the law office facilitating additional short sales and providing other services for third parties, such as working on tax issues, negotiating settlements of credit card disputes, and negotiating loan modifications.

Nehrig opened a checking account in the name of "Brian Nehrig d/b/a McManus & Associates," without McManus's knowledge. He used this account to deposit checks that were made out to the McManus Firm for his short sales work. He testified that he also directed checks for work not involving short sales to be made out to McManus & Associates and that he deposited the checks into this account for his own use.

The hearing officer concluded that Nehrig violated his duties as an attorney who resigned from the bar by practicing law while removed from practice and by maintaining a presence at the McManus Firm.

Neither party filed a petition for review of the hearing officer's findings or a brief challenging the hearing officer's conclusions of law. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

**Violations:** This Court has not attempted to provide a comprehensive definition of

what constitutes the practice of law, *see Miller v. Vance*, 463 N.E.2d 250, 251 (Ind. 1984), but it is clear the core element of practicing law is the giving of legal advice to a client. *See State ex rel. Indiana State Bar Ass'n v. Northouse*, 848 N.E.2d 668, 672 (Ind.2006). The practice of law includes making it one's business to act for others in legal formalities, negotiations, or proceedings. *See Matter of Mittower*, 693 N.E.2d 555, 558 (Ind.1998). The Court agrees with the hearing officer's conclusion that some of Nehrig's activities crossed the line into the unauthorized practice of law— a conclusion Nehrig has not challenged.

Admission and Discipline Rule 23(26)(b) states: "Upon receiving notice of the **order of suspension or disbarment,** the respondent shall not undertake any new legal matters between service of the order and the effective date of the discipline. Upon the effective date of the order, the respondent **shall not maintain a presence or occupy an office where the practice of law is conducted. ...**" Nehrig contends that this rule does not apply to him because he **resigned** from the bar rather than being suspended or disbarred. Nehrig is wrong:

> Attorneys that resign from the Bar are required to comply with the provisions of Ind. Admission and Discipline Rule 23, § 26, **including the requirement that they not maintain a presence or occupy an office where the practice of law is conducted.** Admis. Disc. R. 23, § 26(b). Those who choose to ignore this prohibition run the risk of a fine, incarceration, or both.

*Matter of McLaren*, 850 N.E.2d 400 (Ind. 2006) (emphasis added). We conclude that Nehrig violated this rule by maintaining a presence at the McManus Firm.

**Punishment:** This Court has inherent and statutory authority to punish contempt of court. *See Matter of Mittower*, 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.*

In violation of his resignation from the bar, Nehrig worked in a law office and he engaged in activities that crossed the line into the practice of law, some of which were in the very field—real estate transactions—in which the charges leading to his resignation occurred. By using a bank account with the d/b/a of a law firm and directing third parties to make checks out for him using a law firm name, Nehrig held himself out as an attorney.

Nehrig's violation of the order accepting his resignation was on-going, pervasive, and deliberate, and it exposed the public to the danger of misconduct by Nehrig, who has yet to prove his remorse, rehabilitation, and fitness to practice law through the reinstatement process. *See* Admis. Disc. R. 23(4)(b). Under these circumstances, the Court concludes that a substantial fine and an extension of his removal from practice is warranted.

The Court therefore ORDERS that Nehrig **be fined the sum of $1,000.** Nehrig shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court. In addition, the Court extends Nehrig's removal from practice for **an additional 120 days,** effective at the end of his five-year removal from practice, which began August 13, 2007.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.