**In the Matter of John T. McMANUS, Jr., Respondent.**

No. 29S00–1104–DI–212.

Supreme Court of Indiana.

Sept. 7, 2012.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Lawrence D. Giddings, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** This case is related to an action against Brian L. Nehrig ("Nehrig"), Cause No. 29S00–0704–DI–168, which is decided on this date by separate order. Nehrig tendered an affidavit of resignation under Admis. Disc. R. 23(17), which the Court accepted on August 13, 2007. This resulted in Nehrig's removal from practice for at least five years. *See* Admis. Disc. R. 23(4)(a). On February 25, 2011, the Commission filed a Verified Motion for Rule to Show Cause against Nehrig alleging that he engaged in a number of acts in violation of his resignation from practice, including maintaining a presence at Respondent's law office ("the McManus Firm") in violation of Admis. Disc. R. 23(26)(b) and practicing law while at the McManus Firm.

On April 12, 2011, the Commission filed a verified complaint against Respondent, alleging that he assisted Nehrig in the unauthorized practice of law in violation of Professional Conduct Rule 5.5(a). The hearing officer filed his consolidated report for both cases on June 8, 2012, making findings of fact summarized below.

Respondent attempted to help Nehrig in maintaining a livelihood after his resignation by offering him office space in exchange for monthly rent, with full knowledge of Nehrig's resignation. Respondent exercised supervision and control over Nehrig's activities in the law office. Respondent regarded Nehrig as an independent contractor. At various times, Nehrig was held out to be a "legal assistant" or "paralegal." He appeared as a staff member in a photograph on the firm's website. Respondent never heard Nehrig represent himself as an attorney and often heard him tell third parties that he was *not* an attorney. Nehrig's duties included some legal research, consulting with Respondent, and non-legal cleaning and maintenance duties. Nehrig's primary focus was facilitating "short sales" of real estate. Respondent supervised Nehrig with respect to short sales conducted from the office. Respondent did not regard the short sale work done in his office as constituting the practice of law. Nehrig departed the McManus Firm in March 2011.

Nehrig also spent a substantial amount of time outside the law office facilitating additional short sales and providing other services for third parties, such as working on tax issues, negotiating settlements of credit card disputes, and negotiating loan

modifications. Respondent was not aware of Nehrig's "outside activities."

The hearing officer concluded that Nehrig engaged in activities that crossed the line into the practice of law and improperly maintained a presence at the McManus Firm—a conclusion with which this Court agrees. The hearing officer concluded that Respondent violated Rule 5.5(a) by assisting Nehrig, "albeit indirectly," in the unauthorized practice of law.

Neither party filed a petition for review of the hearing officer's findings or a brief challenging the hearing officer's conclusions of law. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

**Violations:** "Attorneys that resign from the Bar are required to comply with the provisions of Ind. Admission and Discipline Rule 23, § 26, including the requirement that they not maintain a presence or occupy an office where the practice of law is conducted." *Matter of McLaren,* 850 N.E.2d 400 (Ind.2006). An attorney who assists another attorney in violating this "No Presence Rule" may be subject to discipline. *See Matter of Anonymous,* 787 N.E.2d 883 (Ind.2003). We note, however, that the Commission charged Respondent only with aiding Nehrig in the unauthorized practice of law, not with aiding him in violating the No Presence Rule.

We agree with the hearing officer's conclusion that Respondent violated Professional Conduct Rule 5.5 by assisting Nehrig in the unauthorized practice of law—a conclusion which Respondent does not challenge at this point in the proceedings.

**Discipline:** Respondent did not believe Nehrig was crossing the line into the practice of law in his short sale work and was

unaware of Nehrig's improper outside activities. Respondent's primary motivation appears to have been to help Nehrig make a living after his resignation, and Respondent has no disciplinary history. We conclude that a public reprimand is appropriate under the circumstances.

For Respondent's professional misconduct, the Court imposes **a public reprimand.** The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.