### In the Matter of Timothy D. FREEMAN, Respondent.

### Nos. 49S00–1103–DI–168, 49S00–1105–DI–287, 49S00–1106–DI–345.

Supreme Court of Indiana.

Dec. 12, 2013.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT, IMPOSING FINE, ORDERING DISGORGEMENT OF FEES, AND DIRECTING IMPRISONMENT*

*Underlying suspension.* Since November 2010, Respondent has been the subject of five show cause proceedings for noncooperation with the Commission. In Cause No. 49S00–1103–DI–168, he was suspended for noncooperation on July 19, 2011, and his noncooperation suspension was converted to indefinite suspension on March 8, 2012. The noncooperation cases that were still pending were dismissed as moot. In brief, Respondent has been sus-

pended from the practice of law in this state continually since July 19, 2011.

*Prior contempt proceeding.* The Commission filed a "Verified Motion for Rule to Show Cause" in January 2012, alleging the Respondent continued to practice law after he was suspended. His actions included sending correspondence to opposing counsel, serving discovery requests, appearing in court, filing documents in pending cases, filing an appearance and a complaint in a new case, and accepting a retainer of $500 from an existing client for new work.

On April 3, 2012, the Court entered an "Order Finding Contempt," finding "compelling evidence that Respondent continued to practice law unabated in multiple cases in heedless disregard of this Court's suspension orders." For these "egregious violations," the Court ordered Respondent to pay a fine of $2,500, disgorge the $500 retainer he received while suspended, and be imprisoned for 30 days unless he paid the fine and disgorged the retainer within ten days from the date of service of the order. The Court warned Respondent that it would take his contempt into consideration in any future disciplinary actions.

On April 18, 2012, Respondent filed a verified "Report of Compliance," and on May 15, 2012, the Court entered an order directing that the record show that Respondent had complied with the Court's Order Finding Contempt, thus avoiding imprisonment.

*The Commission's second charge of contempt.* The Commission filed a "Verified Motion for Rule to Show Cause" on September 18, 2013, alleging that Respondent engaged in acts in violation of his suspension even after his April 18, 2012, Report of Compliance by giving legal advice to clients E.P. and J.P. in an ongoing eminent domain case. In support, the Commission attached emails, dating from April 26, 2012, in which Respondent advised the clients regarding a tax issue in the eminent domain case. Finally, in an email dated July 20, 2012, E.P. told Respondent:

> Based on information I received today I am demanding all the money I have deposited with you; Approximately $4,000.

> You did not show for the June 6, 2012 hearing and fight for my position. The state made a judgment for the lower amount resulting in over $12,000 in reduction. You have not answered my recent e-mail and have left yourself open for a complaint from me to the bar and possibly thru the courts. Also, it was brought to my attention that you still have your license suspended. You were giving me legal advice and had no license.

(Irregularities in original.) Respondent responded with a brief email on July 25, 2012, saying that he would retrieve the clients' file materials and ship them to the clients.

The Court entered an Order to Show Cause on September 23, 2013, directing Respondent to show cause why he should not be held in contempt for disobedience to the Court's order suspending him from practice. Respondent filed a "Verified Response" on October 10, 2013, admitting that he communicated via email with the clients as represented by the Commission. He states:

> I did not intend to mislead them or cause them harm. I simply did not want to let them down. In retrospect, my actions were unprofessional and improper. I am truly sorry and offer my sincere, humble apologies to the [clients] and to this Honorable Court.

*Imposition of punishment for contempt.* This Court has inherent and statutory authority to punish contempt of court by fine

and imprisonment. *See Matter of Mittower*, 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.*

It is difficult to imagine contempt more culpable than that displayed by Respondent. The Court's Order Finding Contempt already found him guilty of egregious violations of his suspension. Respondent avoided imprisonment only by promptly paying a substantial fine and disgorging an improper fee. Within days, he was violating his suspension order again. His acknowledgment that his actions were unprofessional and improper "in retrospect" shows a profound lack of insight into his duties as an attorney and of respect for this Court's authority. The Court therefore imposes the following sanctions for Respondent's contempt of this Court:

1. The Court ORDERS that Respondent **be fined the sum of $3,000.** Respondent shall remit this amount **within ninety (90) days of service of this order** to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

2. Because of Respondent's dishonest and unethical dealings with clients E.P. and J.P., the Court further ORDERS that Respondent **disgorge all legal fees he received from E.P. and J.P. in connection with the eminent domain case, as well as any deposits of funds not properly used on their behalf, within ninety (90) days of service of this order,** and that Respondent file and serve a verified accounting and report that these amounts have been refunded to the clients within five (5) days of making the refund.

3. For his continued egregious violation of his suspension, the Court further ORDERS that Respondent **be sentenced to a term of imprisonment for a period of ten (10) days, beginning January 2, 2014,** without the benefit of good time. The Sheriff of the Supreme Court of Indiana is directed to take Respondent into custody and turn him over to the Indiana Department of Correction on that date. In carrying out this order, the Sheriff of the Supreme Court of Indiana may seek the assistance of the Indiana State Police and any other law enforcement officer, and any such law enforcement officer shall provide the requested assistance.

4. Finally, if Respondent does not comply with the payment, accounting, and reporting deadlines set forth in paragraphs 1 and 2 above, this Court shall order that Respondent **be sentenced to an additional term of imprisonment for a period of thirty (30) days.**

The Clerk of this Court is directed to serve a certified copy of this Order upon Respondent or his counsel by delivering a certified copy personally, or by sending a certified copy of it by registered or certified mail, return receipt requested. The Clerk is directed to forward a copy of this Order to the Indiana Supreme Court Disciplinary Commission. The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.