**In the Matter of Michael J. ALEXANDER, Respondent.**

**No. 18S00–1301–DI–1.**

Supreme Court of Indiana.

June 18, 2014.

*PUBLISHED ORDER FINDING MIS-CONDUCT AND IMPOSING DIS-CIPLINE*

Upon review of the report of the hearing officer, the Honorable Darrin M. Doleharty, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Count 1**

**Facts:** In 2005, Respondent hired Bruce W. McLaren, an attorney who had resigned from the bar in 2003, to work in his law office. McLaren worked on several cases, including a dissolution case in which he performed law-related tasks, including legal research, client interviews, and assisting Respondent at counsel table during trial. When Respondent filed his affidavit for attorney fees in the divorce case, he included an itemized billing for the hours McLaren worked. On December 2, 2005, however, Respondent filed a "Waiver of Fees" withdrawing the part of the attorney fee affidavit related to McLaren's participation. On the same date, Respondent self-reported his employment of McLaren to the then-Executive Secretary of the Disciplinary Commission. Respondent then terminated McLaren's employment. In 2006, McLaren was found in contempt and fined $1,000 for continuing to practice after his resignation. *See Matter of McLaren,* 850 N.E.2d 400 (Ind.2006).

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

5.5(a): Assisting in the unauthorized practice of law.

8.4(a): Knowingly assisting another to violate the Rules of Professional Conduct.

**Count 2**

**Discovery-related charges:** In 1998, Respondent was retained to represent clients injured in an accident caused by an uninsured drunk driver. Respondent filed suit on behalf of the clients against Outback Steakhouse, alleging that the restaurant served the driver alcohol at a grand opening event when he was already obviously intoxicated. In an early meeting with a waitress at the restaurant, she told Respondent that the driver was visibly intoxicated when she served him alcohol at the grand opening.

As part of the discovery process, the restaurant served interrogatories to Respondent's clients. "Interrogatory 12" asked the clients to disclose the facts upon which they were relying to support their claim that the restaurant had served alcohol to the driver knowing he was already intoxicated, including names and addresses of anyone knowledge of these facts. Respondent did not include the waitress's name in response to Interrogatory 12, although he disclosed the name in another part of the discovery. During deposition in 2001 by the restaurant's counsel, the waitress testified that the driver did *not* appear to be intoxicated when she served him.

In opening statements at trial in 2003, counsel for the restaurant told the jury

that the waitress would testify that the driver was not visibly intoxicated at the grand opening and that no witness would testify to the contrary. On the Sunday following the first week of trial, the waitress came to Respondent's office and told him that she had lied in the deposition and she planned on telling "the truth" at trial.

Indiana Trial Rule 26(E)(2)(b) provides: A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which ... he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

Respondent did not notify the restaurant's counsel of his conversation with the waitress, nor did he update the response to Interrogatory 12 to render it accurate.

The next day, Respondent called the waitress as a witness, who testified that she served the driver alcohol more than once and that he was visibly intoxicated before leaving the event. She admitted that she had not told the truth in her deposition testimony.

This Court reversed the eventual verdict against the restaurant, finding that Respondent had committed misconduct that required remand for a new trial. *See Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65 (Ind.2006). "Indiana discovery rules are specifically designed to avoid surprise and ... trial by ambush.... We have consistently rejected a 'gaming view' of the litigation process." *Id.* at 76 (citation omitted). The case was later settled.

**Charges relating to closing argument:** Respondent made a number of inappropriate remarks during closing argument, including telling the jury that this would be "a perfect case for punitive damages,"

even though his clients' claim for punitive damages had been withdrawn in exchange for the restaurant not pursuing any comparative fault, alluding to facts that were not supported by admissible evidence, asserting personal knowledge of facts in issue, and stating his personal opinion as to the justness of his clients' cause and the credibility of a witness.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal (failure to supplement answer to interrogatory in violation Trial Rule 26(E)(2)(b)).

3.4(e): In trial, alluding to matters that the lawyer does not reasonably believe will be supported by admissible evidence, asserting personal knowledge of facts in issue, and stating a personal opinion as to the justness of a cause and the credibility of a witness.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

### Aggravating and mitigating facts

We find the following facts in mitigation: (1) Respondent took corrective steps regarding his misconduct in employing McLaren; and (2) Respondent has expressed regret and embarrassment regarding his misconduct. A substantial fact in aggravation is Respondent's disciplinary history: *Matter of Alexander*, 504 N.E.2d 584 (Ind.1987) (agreed public reprimand); *Matter of Alexander*, 18S00–8606–DI–577 (Ind. Jan. 24, 1996) (agreed private reprimand); *Matter of Alexander*, 768 N.E.2d 892 (Ind.2002) (agreed public reprimand).

## Discipline

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning August 5, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.