In the Matter of Jeffrey P. AYRES, Respondent.

No. 49S00–1511–DI–649.

Supreme Court of Indiana.

Feb. 1, 2016.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE*

The Court suspended Respondent from the practice of law in this state for continuing legal education ("CLE") noncompliance, by order issued on June 1, 2015, and effective July 6, 2015. The Disciplinary Commission filed an "Amended Verified Motion for Rule to Show Cause" on November 18, 2015, asserting Respondent practiced law in this state by representing clients while suspended from the practice of law. Specifically, on July 19, 2015, Respondent was retained by a client in a bankruptcy matter, met with the client and discussed his bankruptcy, and was paid a $1,100 cash retainer. Further, on September 21, 2015, Respondent filed an appearance and a motion to recall warrant in Carmel City Court on behalf of a different client.

The Court issued an order to show cause on November 19, 2015, and Respondent filed a response on December 18, 2015. In his response, Respondent admits the material facts recited above. However, Respondent asserts that he sent an unverified letter to the Executive Director of the Commission for Continuing Legal Education on July 2, 2015, requesting an extension of time to complete his CLE requirements and pay the necessary fees, and that he believed that an extension would be granted.

Respondent's professed belief was not reasonable under the circumstances. By the time he sent the letter to the Executive Director, this Court already had ordered Respondent's suspension and the CLE Commission was without authority to grant an extension. Further, while the CLE Commission, upon sufficient cause shown, may grant an extension prior to this Court's issuance of a suspension order, it may do so only upon the filing of a "verified petition" filed "as much in advance of the applicable compliance date as the reasons which form the basis of the request afford." *See* Ind. Admission and Discipline Rule 29(8)(d). Respondent's unverified letter, sent over six months after the applicable compliance date, fails to satisfy these criteria. Finally, even assuming Respondent believed his requested extension would be granted, Respondent thereafter made no effort to confirm the status of his license or whether his request for an extension had been acted upon, despite his awareness of an order suspending him from the practice of law effective July 6, 2015. Accordingly, we find that Respondent has violated this Court's order suspending him from the practice of law and that he is guilty of indirect contempt of this Court.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). Under the circumstances, the Court concludes that a fine of $500 is sufficient discipline for Respondent's contempt of court by practicing law while suspended.

The Court therefore ORDERS that Respondent **be fined the sum of $500.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court. The costs of this

proceeding are assessed against Respondent.

All Justices concur.