### In the MATTER OF: Michael L. JAMES, Respondent

### Supreme Court Case Nos. 98S00-9809-DI-509, 98S00-0002-DI-101

Supreme Court of Indiana.

Filed July 15, 2016

Published Order Finding Respondent in Contempt of Court and Imposing Sanctions

Loretta H. Rush, Chief Justice of Indiana

On March 22, 1999, in Case No. 98S00-9809-DI-509, and on August 25, 2000, in Case No. 98S00-0002-DI-101, this Court imposed reciprocal suspensions on Respondent in Indiana based on discipline imposed on Respondent in Kentucky. Respondent was readmitted to practice in Kentucky in 2009. However, Respondent has not filed a petition for, or been granted, reinstatement in Indiana, and accordingly he has remained under suspension in Indiana at all times relevant to the events described below.

On February 10, 2016, the Commission filed a "Verified Petition for Rule to Show

Cause," asserting that between April 2012 and September 2015, Respondent appeared and represented clients in ten separate criminal and CHINS cases in Indiana. Court records from these ten cases are included as exhibits to the Commission's verified petition.

The Court issued an order to show cause on February 11, 2016, Respondent filed an unverified response on June 6, 2016, and the Commission filed a verified reply on July 1, 2016. Respondent admits practicing law in Indiana while suspended but asserts, without verification or any supporting evidence, that he believed he had been readmitted to practice in Indiana.

Respondent's professed belief, even if credited, was not reasonable under the circumstances. *Accord* Matter of Ayres, 51 N.E.3d 1139 (Ind. 2016). Respondent tendered a request for readmission in 2010 in DI-101, but that request was noncompliant with our disciplinary rules and, accordingly, was rejected by the Clerk for filing and never considered or ruled upon by this Court. Respondent took no further action in DI-101 and took no action whatsoever in DI-509. In short, Respondent had no reasonable basis for believing he had been reinstated in Indiana.

Moreover, the case records before us reflect that Respondent's suspended status was called to his attention by the judge in a Hendricks County case in August 2013. Even assuming Respondent had believed up until that point that he had been reinstated in Indiana, he was put clearly on notice in August 2013 that he remained in suspended status, and indeed he acknowledged in a notice filed with the court the need to "either resolve the licensure issue or secure substitute counsel." Yet, several of the remaining cases referenced in the Commission's verified petition involve actions by Respondent unquestionably constituting the practice of law that occurred later in 2013, in 2014, and even as late as September 2015. Accordingly, we find that Respondent has violated this Court's orders suspending him from the practice of law in Indiana and that he is guilty of indirect contempt of this Court.

The sanctions this Court may impose for contempt include ordering a fine, disgorgement of ill-gotten gains, imprisonment, and extension of an attorney's suspension or removal from practice. *See* Matter of Haigh, 7 N.E.3d 980, 990 (Ind. 2014); Matter of Freeman, 999 N.E.2d 844, 846 (Ind. 2013); Matter of Nehrig, 973 N.E.2d 567, 569 (Ind. 2012).

The Court ORDERS that **Respondent be fined the sum of $1,000.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court.

For his pattern of contempt, the Court also ORDERS that **Respondent's current reciprocal suspensions are converted to a suspension of at least two years without automatic reinstatement, effective immediately.** Respondent shall fulfill the continuing duties of a suspended attorney under Indiana Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state. To be readmitted, Respondent must cure the causes of all suspensions in effect, pay the $1,000 fine and any other amounts owing to the Court, the Clerk, or the Commission, and successfully petition this Court for reinstatement pursuant to Admission and Discipline Rules 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). In order to become eligible for reinstatement, Respondent also must dem-

onstrate that he has made restitution of any attorney fees paid to him in connection with his unauthorized practice of law in Indiana.

The costs of this proceeding are assessed against Respondent.

All Justices concur.