### In the MATTER OF: Timothy P. O'CONNOR, Respondent

### Supreme Court Case No. 49S00-8905-DI-402

Supreme Court of Indiana.

August 21, 2017

Published Order Finding Respondent in Contempt of Court, Imposing Fine, Ordering Disgorgement of Fees, Conditionally Directing Imprisonment, and Dismissing Reinstatement Petition with Prejudice

Original discipline. On March 14, 1990, the Court disbarred Respondent from the

practice of law. Respondent's misconduct included negligent representation of clients, failure to communicate with clients, misappropriation of client funds, and failure to refund unearned fees.

Reinstatement proceedings. At the time Respondent was disbarred, Admission and Discipline Rule 23 permitted a disbarred attorney to seek reinstatement after five years. *See* Admis. Disc. Rs. 23(3)(a) (1989) and 23(4)(a)(2) (1989). Respondent filed a petition for reinstatement in 2011, but since then has taken no steps to advance that action.

The instant contempt proceedings. On April 4, 2017, the Commission filed a verified "Motion for Rule to Show Cause," asserting that in 2014 Respondent provided legal services to an individual on an expungement matter and was paid $1,200 in return. These same acts gave rise to criminal proceedings in which Respondent pled guilty to the unauthorized practice of law as a Class B misdemeanor and was sentenced to 30 days in jail. The Court issued an order to show cause on April 5, 2017, directing Respondent to show cause in writing, within 15 days of service, why he should not be held in contempt for disobedience to this Court's order disbarring him from practice. It has been over 15 days since Respondent was served, and Respondent has not responded. We therefore find that Respondent has practiced law in violation of his disbarment as asserted by the Commission.

Sanctions. The sanctions this Court may impose for contempt include ordering a fine, disgorgement of ill-gotten gains, imprisonment, and extension of an attorney's suspension or removal from practice. Matter of Haigh, 7 N.E.3d 980 (Ind. 2014); Matter of Freeman, 999 N.E.2d 844, 846 (Ind. 2013); Matter of Nehrig, 973 N.E.2d 567, 569 (Ind. 2012). The Court therefore imposes the following sanctions for Respondent's contempt of this Court:

1. The Court ORDERS that Respondent **be fined the sum of $500**. Respondent shall remit this amount **within thirty (30) days of service of this order** to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court.

2. The Court further ORDERS that Respondent **disgorge the $1,200 in legal fees he was paid in connection with the expungement matter within thirty (30) days of service of this order,** and that Respondent file with this Court a verified accounting and report that this amount has been refunded to the client within five (5) days of making the refund.

3. If Respondent does not comply with the payment, accounting, and reporting deadlines set forth in paragraphs 1 and 2 above, this Court shall order that Respondent **be sentenced to a term of imprisonment for a period of thirty (30) days,** without the benefit of good time, and the Sheriff of the Supreme Court of Indiana will be directed to take Respondent into custody and turn him over to the Indiana Department of Correction. Respondent may avoid said imprisonment only upon full compliance with paragraphs 1 and 2 above. In the event Respondent fails to comply fully with paragraphs 1 and 2 and serves the resulting term of imprisonment, Respondent thereafter shall be released from the obligations of paragraphs 1 and 2.

4. Finally, for his violation of this Court's order, the Court ORDERS that Respondent's pending petition for reinstatement be dismissed with prejudice. The hearing officer appointed to hear that matter is discharged. Respondent may not again petition for reinstatement from his disbarment.

FOR THE COURT

All Justices concur, except David, J., who dissents and would impose more significant sanctions for Respondent's contempt.