**In the MATTER OF: Darcie L. CAMPANELLA, Respondent**

**Supreme Court Case No. 64S00-1407-DI-455**

Supreme Court of Indiana.

August 29, 2017

Published Order Finding Respondent in Contempt of Court and Imposing Sanctions

The Court suspended Respondent from the practice of law for no less than 30

days, without automatic reinstatement, effective September 28, 2016. Respondent has remained under suspension at all times thereafter. The Commission filed a "Verified Motion for Rule to Show Cause" on June 6, 2017, asserting Respondent practiced law in this state by representing a client ("Client") while suspended from the practice of law. Specifically, the Commission alleges that in February 2017 Respondent filed in Lake Superior Court a "CCS Entry Form" and "Notice of Change of Address" on Client's behalf, purportedly as Client's "attorney-in-fact." The Commission further alleges that Respondent appeared at a hearing on the same date on Client's behalf, discussed the perceived strength of Client's case with opposing counsel, and was instructed by the trial judge that she could not continue to represent Client due to her suspension, including filing any motions for continuance. Finally, the Commission alleges that notwithstanding this instruction, in March 2017 Respondent faxed to the court on behalf of Client (using a cover sheet bearing the name "Campanella Law L.L.C.") a "Motion to Continue Hearing," a proposed order, and a "CCS Entry Form," and that same day called the court directly to request a continuance.

This Court issued an order to show cause on June 13, 2017, directing Respondent to show cause in writing, within 15 days of service, why she should not be held in contempt for disobedience to this Court's order suspending her from practice. It has been over 15 days since Respondent was served, and Respondent has not responded. We therefore find that Respondent has practiced law in violation of her suspension as asserted by the Commission.

The sanctions this Court may impose for contempt include ordering a fine, disgorgement of ill-gotten gains, imprisonment, and extension of an attorney's suspension or removal from practice. Matter of Haigh, 7 N.E.3d 980 (Ind. 2014); Matter of Freeman, 999 N.E.2d 844, 846 (Ind. 2013); Matter of Nehrig, 973 N.E.2d 567, 569 (Ind. 2012).

The Court ORDERS that Respondent **be fined the sum of $500.** Respondent shall remit this amount **within thirty (30) days of service of this order** to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court.

**If Respondent fails to pay the $500 fine in full by the deadline set forth above, Respondent will be ordered to serve a term of imprisonment for a period of thirty (30) days,** without the benefit of good time, and the Sheriff of the Supreme Court of Indiana will be directed to take Respondent into custody and turn her over to the Indiana Department of Correction. Respondent may avoid said imprisonment only upon payment in full of the $500 fine assessed against her within the deadline set forth above. In the event Respondent fails to timely pay her $500 fine in full and serves the resulting term of imprisonment, Respondent thereafter shall be released from the obligation to pay the assessed fine.

Finally, the Court ORDERS that the minimum length of Respondent's current suspension from the practice of law in this state be extended and that Respondent remain suspended **for a period of not less than one year, without automatic reinstatement, effective from the date of this order.**

The costs of this proceeding are assessed against Respondent and will be taxed by separate order.

All Justices concur, except David, J., who dissents.

David, J., dissenting.

The Respondent has been found in Contempt by the Supreme Court for failing to follow the Court's earlier prohibition on the practice of law due to her previous suspension. In addition, she has failed to even respond to the Rule to Show Cause action. Her conduct warrants and, unfortunately, requires some mandatory executed term of imprisonment in addition to a substantial fine.