



FILED
Aug 08 2018, 10:50 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-DI-258

## In the Matter of
## Charles R. Huston
*Respondent.*

Decided: August 8, 2018

Attorney Discipline Action

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Charles Huston, engaged in conduct in contempt of this Court by practicing law while suspended. As sanctions for his contempt, we extend Respondent's suspension, order him to pay a fine, and order Respondent to serve 15 days in prison if the fine is not timely paid.

This matter is before the Court on the Indiana Supreme Court Disciplinary Commission's "Verified Petition for Rule to Show Cause." Respondent's 1986 admission to this state's bar and his unauthorized practice of law in this state while suspended subject him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Discussion

On December 7, 2017, this Court issued an order suspending Respondent from the practice of law, effective immediately, due to his noncooperation with an investigation by the Commission. On April 24, 2018, Respondent's suspension was converted to an indefinite suspension, which remains in effect. *Matter of Huston*, 95 N.E.3d 69 (Ind. 2018).

The Commission filed a "Verified Petition for Rule to Show Cause" against Respondent on May 3, 2018, asserting Respondent practiced law in this state and held himself out as an attorney while suspended. Specifically, the Commission alleges that in February 2018, Respondent contacted the office of opposing counsel in "Case 1," indicated he soon would be entering an appearance in Case 1, and asked if opposing counsel would object to a continuance. Opposing counsel pointed out that Respondent was suspended. The Commission further alleges that in March 2018, Respondent contacted opposing counsel in "Case 2" advising that Respondent would not be able to attend a hearing the following day and expressing Respondent's desire to settle the case. When opposing counsel pointed out that Respondent was suspended, Respondent argued with opposing counsel about the merits of the case, again urged a settlement, threatened to sue both opposing counsel and the opposing party if they continued to prosecute Case 2, and threatened opposing

counsel with a suspension that would be worse than Respondent's suspension.

We issued an order on May 4, 2018, directing Respondent to show cause why he should not be held in contempt for disobedience to this Court's order suspending him from practice. After certified mail sent to Respondent's address was returned to the Clerk unclaimed, Respondent was served by constructive service on June 6, 2018. *See* Ind. Admission and Discipline Rule 23(23.1)(c). Respondent has not responded to the Commission's petition or to this Court's show cause order.[1] We therefore find that Respondent has practiced law in violation of his suspension as asserted by the Commission in its verified petition.

The sanctions this Court may impose for contempt include ordering a fine, disgorgement of ill-gotten gains, imprisonment, and extension of an attorney's suspension or removal from practice. *See Matter of Campanella*, 83 N.E.3d 696 (Ind. 2017). As we did in *Campanella*, we conclude that a fine and extension of Respondent's suspension are warranted here, and that Respondent should serve a period of imprisonment if he fails to timely pay his fine in full.[2]

## Conclusion

We conclude that Respondent engaged in conduct in contempt of this Court by practicing law on multiple occasions while suspended, and we impose the following sanctions for Respondent's contempt.

The Court **fines Respondent $750**. Respondent shall remit this amount **within thirty (30) days of service of this opinion** to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court.

---

[1] The Commission additionally filed a "Praecipe" on July 3, 2018, to which Respondent also has not responded.

[2] Because there is no allegation or evidence before us that Respondent charged or collected any fee for his unauthorized practice of law, we decline the Commission's request to order disgorgement in this case.

**If Respondent fails to pay the $750 fine in full by the deadline set forth above, this Court shall order Respondent to serve a term of imprisonment for a period of 15 days**, without the benefit of good time, and the Sheriff of the Supreme Court of Indiana will be directed to take Respondent into custody and turn him over to the Indiana Department of Correction. Respondent may avoid said imprisonment only upon payment in full of the $750 fine assessed against him within the deadline set forth above. In the event Respondent fails to timely pay his $750 fine in full and serves the resulting term of imprisonment, Respondent thereafter shall be released from the obligation to pay the assessed fine.

Finally, the Court orders that the minimum length of Respondent's current suspension from the practice of law in this state be extended and that Respondent remain suspended **for a period of not less than two years, without automatic reinstatement, effective from the date of this opinion**.

The costs of this proceeding are assessed against Respondent and will be taxed by separate order.

All Justices concur.


NO APPEARANCE FOR THE RESPONDENT


ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Aaron Johnson, Staff Attorney
Indianapolis, Indiana