**In the Matter of John J. HALCARZ.**

**No. 45S00–0311–DI–487.**

Supreme Court of Indiana.

Dec. 19, 2003.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** In 1991, the respondent agreed to handle a personal injury claim on behalf of a client. Despite the fact that the respondent never made any type of legal claim against the alleged defendants, he engaged in a course of conduct directed at assuring the client that he was actively pursuing a claim on the client's behalf. Specifically, the respondent took statements from the client after the statute of limitations passed, purchased airline tickets for the client to fly from out-of-state to Indiana to discuss the claim, and even paid the client a total of $2,850 of his own funds, purportedly as "advance payments toward ultimate recovery on his claim." Later, the respondent falsely told the Commission that he had no attorney-client relationship with the client and that the payments to the client were a gift.

**Violations:** The respondent violated Ind.Professional Conduct Rule 8.1(a), which provides that a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter; Prof.Cond.R. 1.3, which requires lawyers, while representing clients, to act with reasonable diligence and promptness; Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters; Prof.Cond.R. 1.4(b), which requires lawyers to explain matters to clients to the extent reasonably necessary to permit the clients to make informed decisions regarding the representation; and Prof.Cond.R. 8.4(c), which prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** Suspension from the practice of law for a period of not fewer than two (2) years, effective January 24, 2004, with the requirement that reinstatement be conditioned upon the respondent's successful petition to this Court pursuant to Admis.Disc.R. 23(4).

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to all parties as directed by Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

RUCKER, J., concurs because of the agreed resolution, but otherwise would have imposed a less severe sanction.