### In the Matter of Dana E.F. DANIELS, Respondent.

### No. 49S00–1402–DI–133.

Supreme Court of Indiana.

Aug. 19, 2015.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable Robert York, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The hearing officer filed his report on May 27, 2015, and no petition for review of the report has been filed. When neither party challenges the hearing officer's findings, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

*Count 1.* In December 2011, a father ("J.P.") retained Respondent to represent him in responding to a petition for modification of support filed by the mother. J.P. asked Respondent to seek increased parenting time and an order allowing him to claim the children as dependents for tax purposes. In the ensuing months, Respondent failed to respond to discovery requests by the mother, failed to meaningfully respond to J.P.'s frequent inquiries regarding the status of his case, did not raise the issues J.P. sought to raise, and did not submit a child support obligation worksheet or any proposed orders. Respondent also falsely informed J.P. that the mother's counsel had failed to submit a child support obligation worksheet and thus J.P.'s support obligation would not be changed. Eventually, the trial court issued an order increasing J.P.'s support obligation. Respondent did not inform J.P., who instead became aware of his increased support obligation when the new income withholding order took effect. Respondent continued to be largely unresponsive to numerous inquiries about the case from J.P. and J.P.'s wife; and in one instance he informed J.P.'s wife, without explanation, that the court's support order was not appealable. J.P. later terminated Respondent's representation.

*Count 2.* In October 2009, Respondent agreed to represent a client ("A.W.") in an action she had filed *pro se* against five defendants, which was then pending in federal court. In the ensuing months, the defendants filed several dispositive motions to which Respondent did not respond. Respondent failed to comply with the court's case management plan and failed to respond to defendants' discovery requests, including motions to compel. Respondent missed appointments with

A.W. and failed to respond to her attempts to communicate with him. The federal court eventually dismissed A.W.'s case in its entirety. Respondent did not inform A.W. of this. When A.W. eventually found out about the dismissal, she filed a *pro se* motion for reconsideration. In January 2011, the district court granted the motion for reconsideration in part and terminated Respondent's appearance in the case. Thereafter, Respondent did not timely provide A.W.'s case file to her. Respondent provided the file only after the district court initiated two separate show cause proceedings against Respondent, the first for failing to return the file and the second for failing to appear at the show cause hearing.

The hearing officer found the following facts in aggravation: (1) Respondent has prior discipline for similar misconduct; (2) Respondent's neglect was motivated by selfish concerns; (3) Respondent has a pattern of neglecting his clients' cases; (4) Respondent was noncooperative during the investigation and discovery phases of this disciplinary action; and (5) Respondent largely refuses to acknowledge the wrongful nature of his conduct. The hearing officer found no facts in mitigation.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(d): Failure to take steps to the extent reasonably practicable to protect a client's interests upon termination of representation.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, beginning October 2, 2015.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.