## In the Matter of Kenneth C. KERN, Respondent.

### No. 49S00–1512–DI–715.

Supreme Court of Indiana.

Aug. 12, 2016.

Published Order Finding Misconduct and Imposing Discipline

LORETTA H. RUSH, Chief Justice of Indiana.

Upon review of the report of the hearing officer, the Honorable Stanley E. Kroh, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In Count 1, "Client 1" hired Respondent to obtain a hardship driver's license and settle an IRS tax lien. Client 1 paid Respondent a $1,900 flat fee. Over the next several months, Client 1 repeatedly and unsuccessfully tried to contact Respondent regarding the status of the case. Meanwhile, Respondent took no action toward resolution of Client 1's legal issues. Client 1 eventually fired Respondent. Respondent told Client 1 he would refund unearned fees, but he failed to do so.

In Counts 2 and 3, "Clients 2 and 3" hired Respondent to complete criminal record expungements and paid Respondent flat fees. Thereafter, Respondent was largely unresponsive to inquiries from Clients 2 and 3 regarding the status of their cases, took no action toward resolution of their legal issues, and failed to refund any portion of the unearned fees. Respondent also failed to cooperate with

the Commission's investigation into both of these matters.

Respondent has prior discipline. *Matter of Kern,* 655 N.E.2d 339 (Ind.1995); *Matter of Kern,* 555 N.E.2d 479 (Ind.1990). Respondent also has been the subject of three recent show cause proceedings for failing to cooperate with disciplinary investigations.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(d): Failure to refund an unearned fee upon termination of representation.

8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, beginning September 22, 2016.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). In order to become eligible for reinstatement, Respondent also must demonstrate that he has made restitution to the clients referenced above.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except DAVID, J., who votes to disbar Respondent.