



FILED
Jun 27 2018, 1:21 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 49S00-1603-DI-148

## In the Matter of
## Douglas L. Krasnoff
*Respondent.*

---

Decided: June 27, 2018

Attorney Discipline Action

Hearing Officer Helen W. Marchal

---

**Per Curiam Opinion**

Chief Justice Rush, Justice Massa, Justice Slaughter, and Justice Goff concur.

Justice David dissents.

**Per Curiam.**

We find that Respondent, Douglas Krasnoff, engaged in attorney misconduct by practicing law while suspended and by intentionally misleading a client regarding his ability to work on her case. For this misconduct, the Court concludes that Respondent should be suspended for at least two years without automatic reinstatement, effective from the date of this opinion.

The matter is now before us on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 1997 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Procedural Background and Facts

The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on March 28, 2016, and we appointed a hearing officer. Following an evidentiary hearing, the hearing officer issued her report on March 14, 2018, finding Respondent committed violations as charged.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

In August 2014, "Mother" retained Respondent to seek release of "Son" from an involuntary mental health commitment. In early September, Son was transferred from one mental health facility to another but remained under involuntary commitment.

Effective October 20, 2014, and continuing through May 27, 2015, Respondent was suspended from the practice of law in Indiana due to his failure to pay costs in a prior disciplinary matter.

In January 2015, Mother contacted Respondent about securing Son's release, and at Respondent's request Mother paid Respondent $1,000 for "legal fees." Respondent did not tell Mother he was under a suspension from the practice of law. Respondent rendered legal analysis and advice to Mother but took no court action toward securing Son's release. Mother soon confronted Respondent after discovering he was suspended. Respondent responded by falsely implying that he was able to practice law because his suspension was administrative rather than disciplinary in nature.[1] Respondent also repeatedly responded to Mother's inquiries about the status of the case by telling her that the mental health facilities were being unreasonably nonresponsive to his record requests and that dealing with Son's situation would take some time.

In late March or early April 2015, Respondent solicited an additional $1,000 from Mother to continue the representation. Respondent did not tell Mother that he could not request a hearing date from the court due to his suspension. In May, Mother again confronted Respondent after having been informed by staff at Richmond State Hospital that they had not been allowing Respondent to review Son's medical records due to Respondent's suspension. Respondent again tried to alleviate Mother's concerns by emphasizing his suspension was administrative and not disciplinary.

After Respondent paid his costs and was reinstated to practice in May 2015, he filed an appearance on Son's behalf. Shortly thereafter though, Mother terminated the representation, demanded an explanation from Respondent about his inability to advance Son's case due to his suspension, and also demanded a refund. Respondent replied by email,

---

[1] "Administrative" suspensions include suspensions for costs or dues nonpayment, noncompliance with continuing legal education requirements, or failure to make the IOLTA certification required by Indiana Admission and Discipline Rule 2(f). Although the requirements for reinstatement from an administrative suspension are ministerial in nature, this distinction does not alter in any way the prohibition against practicing law while suspended. An attorney's lack of authority to practice law while suspended is the same regardless of the reason for the suspension.

I am curious what were my other alternatives? Unfortunately my magic wand is broken. I operate within the system. If you don't have the patience for it, that is not my fault. I am sure your son will appreciate you giving up.

(Comm'n Ex. 30). Respondent did not refund any fees to Mother.

# Discussion and Discipline

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 5.5(a): Engaging in the unauthorized practice of law.
>
> 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.
>
> 8.4(d): Engaging in conduct prejudicial to the administration of justice.

Even standing alone, Respondent's misconduct in this case is extremely troubling. Respondent flagrantly defied our order suspending him from practice and engaged in a months-long pattern of deception toward Mother designed to mislead her into believing that Respondent could, and would, provide the contemplated legal services. Respondent extracted $2,000 in legal fees from Mother under these false pretenses despite knowing that his suspension precluded his ability to fulfill the objectives of the representation. Meanwhile, Son remained under involuntary commitment, with his opportunity to be heard in court needlessly delayed for months by Respondent's misconduct.

But Respondent's misconduct in this case does not stand alone. In addition to four prior administrative suspensions and three show cause proceedings initiated as a result of Respondent's noncooperation with various disciplinary investigations, Respondent also has prior discipline for similar misconduct. *Matter of Krasnoff*, 78 N.E.3d 657 (Ind. 2017) (imposing a 180-day suspension without automatic reinstatement,

effective September 1, 2017). That case, which involved among other things Respondent's unauthorized practice of law with respect to another client while under an earlier administrative suspension, was pending at the time Respondent committed his misconduct in this case. Under these circumstances, Respondent's prior discipline is a significant aggravating factor. *See Matter of Wray*, 91 N.E.3d 578, 585 (Ind. 2018).

With the above considerations in mind, the Court concludes that a suspension of at least two years without automatic reinstatement is appropriate discipline for Respondent's misconduct in this case. *See Matter of James*, 78 N.E.3d 1086 (Ind. 2016); *see also Matter of Halcarz,* 800 N.E.2d 570 (Ind. 2003). Further, in order to become eligible for reinstatement, Respondent must demonstrate that he has made restitution to Mother in the amount of $2,000. *See Matter of Kern*, 56 N.E.3d 623 (Ind. 2016).

# Conclusion

Respondent already is under an order of suspension imposed for prior misconduct. For Respondent's professional misconduct in this case, the Court suspends Respondent from the practice of law in this state for a period of not less than two years, without automatic reinstatement, effective from the date of this opinion. At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Further, any such petition for reinstatement shall be accompanied by proof that full restitution has been paid to Mother and shall be subject to summary dismissal if such proof is lacking.

The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

David, J., dissents regarding the sanction, believing that more severe discipline is warranted.


RESPONDENT PRO SE
Douglas L. Krasnoff
Brownsburg, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana