

FILED
Aug 22 2018, 12:28 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Indiana Supreme Court

Supreme Court Case No. 18S-DI-95

## In the Matter of
## Glenn E. Davis, Jr.
*Respondent.*

Decided: August 22, 2018

Attorney Discipline Action

Hearing Officer James W. Riley, Jr.

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Glenn E. Davis, Jr., committed attorney misconduct by neglecting a client's case and by failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be suspended for at least one year without automatic reinstatement.

The matter is now before us on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 1976 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Procedural Background and Facts

The Commission filed a "Disciplinary Complaint" against Respondent on February 15, 2018. Respondent was served with the complaint but has not appeared, responded, or otherwise participated in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

In June 2013, Respondent was hired by "Client," an elderly woman, to pursue claims for damages she sustained in a fall while she was a patient at a rehabilitation facility. Client's "Daughter" assisted Client in communicating with Respondent.

Respondent timely filed a proposed medical malpractice complaint in June 2014. However, Respondent never filed the requisite submission of evidence to the medical review panel. This occurred notwithstanding multiple extensions of time and numerous outreach attempts by the panel

chair and opposing counsel, several attempts by Daughter to discuss the case with Respondent, and multiple promises by Respondent to Daughter that the submission would be filed. As a result of Respondent's failure to submit evidence to the panel, the defendant filed a motion to dismiss in December 2016, and a hearing was scheduled for January 17, 2017. Respondent failed to notify Client of the motion to dismiss or the hearing, and he failed to appear at that hearing. After the hearing, the trial court granted the motion to dismiss. Thereafter, Respondent did not inform Client or Daughter of the dismissal and did not respond to Daughter's multiple attempts to communicate with Respondent.

Daughter filed a grievance with the Commission. Respondent did not timely respond to the Commission's demand for a response to the grievance, and his belated response was misleading in several respects. Respondent later failed to comply with a subpoena duces tecum for Client's file. To date, Respondent has not cured his noncooperation with the subpoena duces tecum, and as a result he currently is indefinitely suspended from the practice of law. *See Matter of Davis*, 90 N.E.3d 1189 (Ind. 2018).

# Discussion and Discipline

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See Matter of Newman*, 958 N.E.2d 792, 800 (Ind. 2011).

Respondent's misconduct in this case is aggravated by the resulting harm to his elderly client, whose medical malpractice claim was dismissed with prejudice after having been neglected by Respondent for several years. That a legal malpractice claim affords a potential avenue for delayed recovery is of comparatively small comfort, particularly for an aggrieved client who may not enjoy the luxury of time to pursue and recover upon such a claim.

Although Respondent has no prior discipline, he has been the subject of four separate show cause proceedings within the last two years and currently is indefinitely suspended for noncooperation. Respondent also has been administratively suspended three times within the last eight years, once for nonpayment of dues and twice for noncompliance with continuing legal education requirements. Respondent has progressively absented himself from the multiple show cause proceedings against him and has wholly failed to participate in these disciplinary proceedings.

With these considerations in mind, we conclude that a suspension of at least one year without automatic reinstatement, effective from the date of this opinion, is appropriate discipline for Respondent's misconduct in this case. *See Matter of Kern*, 56 N.E.3d 623 (Ind. 2016); *see also Matter of Daniels*, 39 N.E.3d 639 (Ind. 2015).

## Conclusion

Respondent already is under an order of suspension for failure to cooperate with the Commission's investigation. For Respondent's professional misconduct in this case, the Court suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, effective from the date of this opinion.

At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.

NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana